**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| Cheung Ching Tsoi,<br>Plaintiff,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule A,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-00357 |

**Complaint**

**NOW COMES** Cheung Ching Tsoi ("Plaintiff"), by and through its undesigned counsel and hereby brings its case against The Partnerships and Unincorporated Associations identified on Schedule A attached hereto ("Defendants"), and alleges as follows:

**Introduction**

**1.** This action has been filed by Plaintiff to combat online copyright infringers who offer for sale various consumer products, including children's toys, using unauthorized copies and/or derivative versions of Plaintiff's copyrighted works.

**2.** Defendants have traded and continue to trade upon Plaintiff's commercial reputation and goodwill by offering for sale and/or selling unlicensed products using pirated copies of Plaintiff's registered copyrights to consumers within the United States, including the State of Indiana and this Judicial District.

**3.** Defendants have created fully interactive, commercial internet stores operating under at least the online marketplace accounts identified in **Schedule A** attached hereto (the "Defendant Online Stores") and intentionally designed them to appear to be selling genuine Plaintiff products, while actually selling Defendants' own products to unknowing consumers.

**4.** Defendants attempt to avoid liability by going to lengths to conceal both their identity and the full scope and interworking of their infringing operations. Plaintiff is forced to file this action to combat Defendants' unauthorized use of Plaintiff's copyrighted works, as well as to protect unknowing consumers from purchasing unauthorized products over the Internet.

**5.** Plaintiff has been and continues to be irreparably damaged through the piracy of the Plaintiff Works as a result of Defendants' actions and accordingly seeks injunctive and monetary relief.

**Jurisdiction and Venue**

**6.** This Court has original subject matter jurisdiction over the claims in this action pursuant to 17 U.S.C. § 501, *et seq.*, and 28 U.S.C. §§ 1331, 1338(a)-(b).

**7.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Indiana and this Judicial District, through at least the Defendant Online Stores. Specifically, Defendants are reaching out to do business with residents of Indiana and this Judicial District by operating at least the commercial, fully-interactive Defendant Online Stores through which residents of Indiana and this Judicial District can purchase and/or have purchased products being offered for sale and sold using unauthorized reproductions of the Plaintiff Works. Defendants have targeted sales to residents of Indiana and this Judicial District by operating the Defendant Online Stores that accept payment in U.S. dollars and offer shipping to addresses within Indiana and this Judicial District for products offered using and with pirated copies of Plaintiff's copyrighted works. Defendants have committed and are committing tortious acts in Indiana and this Judicial District, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Indiana.

**Parties**

**8.** Plaintiff specializes in the creation, manufacture, marketing, and sale of a variety of consumer products, including children's toys (collectively, the "Plaintiff Products").

**9.** In the interest of promoting the Plaintiff Products, Plaintiff created and produced photos of the Plaintiff Products and their characteristics (the "Plaintiff Works"). A true and correct copy of the federal copyright registration certificate of the Plaintiff Works is attached hereto as **Exhibit 1**.

**10.** Plaintiff's federal registration for the Plaintiff Works is valid, subsisting, and in full force and effect.

**11.** Plaintiff owns all rights, including without limitation, the rights to reproduce the Plaintiff Works in copies, to prepare derivative works based upon the Plaintiff Works, to distribute copies of the Plaintiff Works to the public, and to display the Plaintiff Works publicly.

**12.** Plaintiff has continuously used the Plaintiff Works in connection with the sale, distribution, promotion, and advertising of genuine Plaintiff Products and consumers associate the Plaintiff Works with Plaintiff and their authorized Plaintiff Products.

**13.** Genuine Plaintiff Products have become very popular, driven by Plaintiff's elevated quality standards and innovative designs.

**14.** Plaintiff has enjoyed success in international e-commerce. Plaintiff's products are available for sale online, including on the Amazon.com marketplace.

**15.** Plaintiff's sales of authorized Plaintiff Products have been substantial.

**16.** The success of Plaintiff's business enterprise is dependent and a result of its effort to market and advertise online via e-commerce, including the use of the Plaintiff Works to offer to sell the Plaintiff Products.

**17.** Plaintiff has made efforts to protect its interests in and to the Plaintiff Works. Plaintiff's is the only business authorized to reproduce or display the Plaintiff Works or prepare derivative works

thereof. Plaintiff has not licensed or authorized Defendants to exploit the Plaintiff Works in any way.

**18.** Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Indiana and this Judicial District, through the operation of the fully interactive Defendant Online Stores which operate on commercial online marketplaces. Each Defendant targets the United States, including Indiana and this Judicial District, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Indiana and this Judicial District.

**19.** On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using unauthorized copies of the Plaintiff Works in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend this Complaint.

**Defendant's Unlawful Conduct**

**20.** Marketplaces like Amazon and Walmart allow merchants to quickly "set up shop" and flood the market with unauthorized goods which displace actual sales manufacturers would otherwise enjoy.

**21.** It has been estimated that e-commerce intellectual property infringement costs merchants in the U.S. alone nearly $41 billion[1] with Department of Homeland Security seizures of infringing goods increasing more than 10-fold between 2000 and 2018[2] and a street value of seized goods increasing 246% from 2017 to 2022.[3]

**22.** U.S. Customs and Border Protection ("CBP") reported that for Fiscal Year 2023, it seized nearly 23 million counterfeit goods with a collective manufacturer's suggested retail price of over $2.7 billion (USD), with 46% of those seizures and 84% of the value coming from China and Hong Kong.[4]

**23.** Legislation was recently introduced in the U.S. Senate that would allow CBP to seize articles that infringe design patents, thus closing a loophole currently exploited by infringers.[5]

**24.** Infringing and pirated products account for billions in economic losses, resulting in thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.[6]

---

[1] The National Bureau of Asian Research, The Report of the Commission on the Theft of American Intellectual Property, at 9, Pub. The Commission on the Theft of American Intellectual Property 2017, available at http://www.ipcommission.org/report/IP_Commission_Report_Update_2017.pdf.

[2] U.S. Department of Homeland Security, *Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States*, January 24, 2020.

[3] U.S. Customs and Border Protection Office of Trade, FY 2022 Fact Sheet Intellectual Property Rights, available at https://www.cbp.gov/sites/default/files/assets/documents/2023-Mar/IPR%20Fact%20Sheet%20FY2022%20Final%20Draft%20%28508%29%20%28004%29%20%282%29.pdf

[4] U.S. Customs and Border Protection FY 2023 FACT SHEET Intellectual Property rights, available at https://www.cbp.gov/sites/default/files/2024-05/IPR%20FACT%20SHEET%20FISCAL%20YEAR%202023%20PBRB%20APPROVED%20%28508%29_5.29.pdf.

[5] Press Release, U.S. Senator Thom Tillis, Tillis, Coons, Cassidy & Hirono Introduce Bipartisan Legislation to Seize Counterfeit Products and Protect American Consumers and Businesses (Dec. 5, 2019).

[6] OECD, *The Economic Impact of Counterfeiting and Piracy* 2008, Available at https://www.oecd.org/content/dam/oecd/en/publications/reports/2008/06/the-economic-impact-of-counterfeiting-and-piracy_g1gh906c/9789264045521-en.pdf

**25.** Third party service providers like those used by Defendants do not robustly subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[7]

**26.** DHS has observed that "at least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts.[8]

**27.** Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated.[9]

**28.** Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringement]."[10]

**29.** Defendants take pains to conceal their identities from the public, using meaningless store names and addresses which do not identify Defendants. Moreover, infringers like Defendants will often register new store accounts under new fictitious names when they receive notice that one or more stores have been the subject of a lawsuit. The use of these store registration schemes is one of several ways in which Defendants may avoid being shut down and conceal their true identity and the inner workings of their infringement operations.

**30.** Infringers like Defendants will typically ship infringing products in small quantities via international mail to mitigate detection by U.S. Customs and Border Protection. Further, they

---

[7] Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020).
[8] *Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States*, at p. 22.
[9] Id., at p. 39.
[10] *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. at 186-187.

will typically operate multiple credit card merchant accounts or use layers of payment gateways to forestall their cashflow being interrupted due to trademark enforcement efforts. On information and belief, Defendants utilize offshore bank accounts and routinely move funds from U.S.-based merchant accounts (*e.g.*, within China) outside the jurisdiction of this Court.

**31.** Defendants, without any authorization or license from Plaintiff, have knowingly and willfully copied, reproduced, displayed, and otherwise exploited the Plaintiff Works in connection with the advertisement, distribution, offering for sale, and sale of products into the United States and into Indiana over the Internet.

**32.** The Defendant Online Stores offer shipping to the United States, including, specifically Indiana and, on information and belief, Defendants have offered to sell or have sold Infringing Products into the United States and the state of Indiana.

**33.** Plaintiff has been and continues to be irreparably harmed through loss of control over Plaintiff's reputation, goodwill, and exclusive rights in and to the Plaintiff Works.

**Count I - Copyright Infringement (17 U.S.C. § 501)**

**34.** Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 33.

**35.** Plaintiff is the owner of the original Plaintiff Works registered and contained in **Exhibit 1**.

**36.** The Plaintiff Works have significant value and have been produced and created at considerable expense.

**37.** Among the rights granted to Plaintiff is the exclusive right to reproduce and display the Plaintiff Works and make derivative works thereof.

**38.** Upon information and belief, Defendants had access to the work in **Exhibit 1** through viewing Plaintiff's sale of its genuine Plaintiff Products which were advertised and sold in association with the Plaintiff Works, including on Amazon. After accessing the Plaintiff Works, Defendants

wrongfully created copies of the copyrighted Plaintiff Works without Plaintiff's consent and engaged in acts of widespread infringement through the reproduction and display of images containing the Plaintiff Works, posting the images via online websites and digital markets, and the sale of home goods-type item product listings using the Plaintiff Works without authorization.

**39.** Defendants, without the permission or consent of the Plaintiff, have offered to sell, sold and continue to sell products advertised by and with the Plaintiff Works, and itemized in **Schedule A** hereto, and reproduce, display, and/or distribute the Plaintiff Works or derivative versions thereof without authorization from Plaintiff and in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

**40.** As a direct result of their acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the copyrighted Plaintiff Works.

**41.** Defendants knew their acts constituted copyright infringement and Defendants' conduct was willful within the meaning of the Copyright Act.

**42.** As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.

**43.** Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill as a direct result of Defendants' infringements.

**44.** Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct.

**45.** As a result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**46.** The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502, 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering that Defendants destroy all unauthorized copies.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

**1)** That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

- **a.** using the Plaintiff Work or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff Work;
- **b.** passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using the Plaintiff Work;
- **c.** committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;
- **d.** further infringing the Plaintiff Work and damaging Plaintiff's goodwill; and
- **e.** manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights, including the Plaintiff Work, or any reproductions, counterfeit copies, or colorable imitations thereof.

**2)** Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Temu, Amazon, eBay and Walmart, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

  **a.** disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of products not authorized by Plaintiff which reproduce the Plaintiff Works or are derived from the Plaintiff Works;

  **b.** disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are using or derived from the Plaintiff Works; and

  **c.** take all steps necessary to prevent links to the products associated with Defendant Online Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index.

**3)** For Judgment in favor of Plaintiff against Defendants that they have: (i) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. § 501; and (ii) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

**4)** For Judgment in favor of Plaintiff against Defendants for actual damages or other available damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be determined at trial;

**5)** That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

**6)** That Plaintiff be awarded its reasonable attorneys' fees and costs under 17 U.S.C. § 505 as may be allowable; and

**7)** Award any and all other relief that this Court deems just and proper.

Dated: August 11, 2026

Respectfully submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Plaintiff*