**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| Cheung Ching Tsoi,<br>Plaintiff,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule A,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-00357-GSL-JEM<br><br>Dist. Judge Gretchen S. Lund |

**Plaintiff's Motion for Entry of a Preliminary Injunction**

**NOW COMES** Cheung Ching Tsoi ("Plaintiff"), by and through his undersigned counsel, and submits this Motion for Entry of a Preliminary Injunction.

## I. Introduction

Plaintiff has brought the present action against the Defendants identified in Schedule "A" to the Complaint ("Defendant") under section 17 U.S.C. § 501 of the Copyright Act. As Plaintiff alleges in the Complaint, Defendants are selling products through the use of pirated copies of Plaintiff's copyrighted works (the "Plaintiff Works") to sell Defendants' own products through at least the fully interactive, e-commerce stores and online marketplaces identified within the Schedule A attached to the Complaint.

On August 26, 2026, this Court granted Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order ("TRO"). [Dkt. 17]. The TRO also authorized Plaintiff to provide to defendant with notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and sending an email to the email address provided by third parties (e.g., Amazon) that included a link to said website. [Dkt. 18]. Pursuant to the TRO and since the TRO was entered, the Amazon and Walmart accounts associated with the Defendant Online Stores have been restrained.

*See*, Declaration of Adam Urbanczyk, at ¶ 2. Plaintiff respectfully requests this Court to convert the TRO to a preliminary injunction against the Defendants so that the Defendants remains enjoined from reproducing, distributing, displaying, or otherwise exploiting without authorization the Plaintiff Works during the pendency of this litigation. As part of the preliminary injunction, Plaintiff requests that Defendants' Amazon and Walmart accounts, where applicable, remain restrained until completion of these proceedings.

## II. Argument

### a. A preliminary injunction extending relief already granted in the TRO is appropriate.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of e-Commerce infringement have also issued preliminary injunctions following a temporary restraining order. *See, e.g.*, Deckers Outdoor Corp. v. The P'ships and Unincorporated Assocs. Identified on Schedule "A", No. 15-cv-3249 Dkt. 32 (N.D. Ill. May 6, 2015); Oakley, Inc. v. Does 1-100, No. 12-cv-9864 Dkt. 23 (N.D. Ill. Dec. 27, 2012); Mon Cheri Bridals, LLC v Does 1-464, No. 19-cv-02362 Dkt. 31 (N.D. Ill. May 21, 2019).

#### *i. This Court has already found that the requirements for entry of a preliminary injunction have been satisfied.*

In the Seventh Circuit, the standard for granting a preliminary injunction is identical to the standard for entering a TRO, and in this case the requirements for entry of a preliminary injunction have been satisfied. *See, e.g.*, Mayberry v. Neal, 2026 WL 2225780 at *1 (N.D. Ind. July 31, 2026) ("The standards for granting a temporary restraining order and a preliminary injunction are the same.") (internal citations omitted). Generally, a party seeking to obtain a preliminary injunction must demonstrate: (i) that such party's case has some likelihood of success on the merits; (ii) that no

adequate remedy at law exists; and (iii) that such party will suffer irreparable harm if the injunction is not granted. Ty, Inc. v. The Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001); Columbia Pictures Indus., Inc. v. Jasso, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996)*; see*, Coach, Inc. v. The P'ships & Unincorporated Assocs. Identified on Schedule "A", 2013 WL 5477573, at *1 (N.D. Ill. Oct. 1, 2013) (granting preliminary injunction against foreign online resellers after entry of TRO). Because this Court has already entered the TRO, this Court has already found the requirements for entry of the preliminary injunction have been met.

*ii. The equitable relief sought, including limited asset restraint, remains appropriate.*

In addition to this Court's inherent authority to issue injunctive relief, the Copyright Act specifically authorizes courts to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright" (17 U.S.C. § 502) and provides that any of Defendants' infringing products be impounded and destroyed. (17 U.S.C. § 503). Accordingly, Plaintiff requests conversion of the TRO into a preliminary injunction so that Defendants' infringing activities remain stymied and funds Defendants have obtained through its infringing conduct remain restrained. Since the TRO's entry, Amazon and Walmart have provided Plaintiff with information including the identity of payment accounts linked to the Defendant Online Stores which were offering for sale and/or selling products by using unauthorized displays and reproductions of the Plaintiff Works. In the absence of a preliminary injunction, Defendants will be motivated to and may move assets from its U.S.-associated payment accounts, including Amazon and Walmart accounts, to an offshore account or otherwise transferred beyond recovery. Therefore, Defendants' assets should remain restrained and frozen for the remainder of these proceedings, subject to further court order.

The Complaint describes damages to which Plaintiff is entitled, including Defendants' profits under 17 U.S.S. § 504(a) and actual damages under 17 U.S.C. § 504(b) exceeding any amount

contained in Defendants' restrained Amazon and Walmart accounts. As such, an order continuing to freeze the Defendants' assets, at insofar as those assets are the proceeds of the sale of the accused products, should be entered. [Dkt 17 ¶ 4]; *See, e.g.*, Banister v. Firestone, 2018 WL 4224444 at *9 (N.D. Ill. Sept. 5, 2018) (acknowledging Court's authority to freeze assets where plaintiff sought equitable remedies under section 17 U.S.C. § 504(b) of the Copyright Act); CSC Holdings, Inc. v. Redisi, 309 F.3d 988 (7th Cir. 2002) ("since the assets in question…were the profits of the [defendants] made by unlawfully stealing [the plaintiffs'] services, the freeze was appropriate and may remain in place pending final disposition of this case."); Deckers Outdoor Corp. v. P'ships & Unincorporated Assocs. Identified on Schedule A, 2013 WL 12314399 (N.D. Ill. Oct. 31, 2013) ("[T]here is an exception to the general ban on prejudgment asset restraint where an equitable remedy is sought.").

## III. Conclusion

In light of the foregoing and this Court's previous entry of the TRO, Plaintiff respectfully requests this Court to enter the preliminary injunction against the Defendants substantially in accordance with the proposed order provided herewith. Coach, 2013 WL 5477573, at *4.

Dated: September 4, 2026

Respectfully Submitted

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St., 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Plaintiff*

**Certificate of Service**

I hereby certify that on September 4, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Plaintiff*